IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINFRED CARLISLE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 05 C 4873 |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Winfred and Jamesetta Carlisle (collectively "Carlisles") have just filed their Complaint at Law against Ford Motor Company ("Ford") for damages stemming from the rollover of the 1996 Ford Explorer that husband Winfred was driving on Interstate Highway 65 in Indiana some four years ago. Although Carlisles' counsel apparently seek to invoke federal jurisdiction on diversity of citizenship grounds under 28 U.S.C. §1332,[1] counsel's inattention to the requirement of Fed. R. Civ. P. ("Rule") 8(a) for including "a short and plain statement of the grounds upon which the court's jurisdiction depends" (as well as the deficiency in the Complaint's allegations in that regard) have triggered this sua sponte opinion.

As to Carlisles themselves, Complaint ¶1 speaks of their Chicago residence, <u>not</u> of their state of citizenship (which is by definition the relevant fact for jurisdictional purposes--see

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)). That error obviously needs correction. And the same is true as to Ford, as to which Complaint ¶2 identifies only its state of incorporation. One component of its dual corporate citizenship under Section 1332(c)(1) is absent and needs to be provided.

Finally, each of the three Complaint counts inexplicably refers to damages in excess of $50,000 (Count I ¶13, Count II ¶17, Count III ¶21 and Count IV ¶23), numbers that bear no relationship to the jurisdictional amount-in-controversy floor under Section 1332. And it is not at all clear that two or more of those ad damnum claims should be aggregated for jurisdictional purposes. Again the Complaint falls short.

These errors are so fundamental and so pervasive that this Court could well be justified in dismissing both the Complaint and this action for lack of subject matter jurisdiction (see, e.g., Held as to the first deficiency alone). This Court is loath however to stick Carlisles with a second $250 filing fee because of their counsel's oversights. Accordingly the original Complaint is stricken in order to facilitate the filing of a self-contained Amended Complaint, which is required to be filed in this Court's chambers (with a copy of course to be transmitted contemporaneously to Ford--or to its counsel, if known to

Carlisles' counsel) on or before September 9, 2005.[2] Failing such a filing this Court will be constrained to dismiss this action.

                                                                                   _____
                                                                                   Milton I. Shadur
                                                                                   Senior United States District Judge

Date: August 25, 2005

---

[2] No view is expressed here as to any other aspect of the Complaint (including for example the question whether any transfer under Section 1404(a) might be appropriate).